J-S62026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID BRADLEY | : | |
| | : | |
| Appellant | : | No. 650 WDA 2019 |

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002043-2005,
CP-02-CR-0004586-2005

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JANUARY 21, 2020**

David Bradley appeals *pro se* from the order that denied as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA).  42 Pa.C.S.A.  §§ 9541-46.  We affirm.

The relevant factual and procedural history are as follows:  On March 27, 2006, following a non-jury trial, the trial court convicted Bradley of second-degree murder and related charges.  The convictions stem from a January 12, 2005, confrontation during which Bradley and his co-defendant, Oscar Brown, shot Christopher Martine and Joshua Woy, killing Mr. Martine

and seriously injuring Mr. Woy.[1]  On June 26, 2006, the trial court imposed an aggregate term of life in prison.  Bradley filed a timely notice of appeal to this Court.  On February 12, 2008, we affirmed his judgment of sentence and, on August 22, 2008, our Supreme Court denied Bradley's petition for allowance of appeal.  **Commonwealth v. Bradley**, 951 A.2d 1205 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 955 A.2d 355 (Pa. 2008).

Bradley filed a timely *pro se* PCRA petition on August 10, 2009.  The PCRA court appointed counsel, and PCRA counsel filed an amended petition, in which Bradley raised three claim of ineffective assistance of counsel.  Thereafter, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Bradley's petition without a hearing.  Bradley filed a response.  By order entered November 16, 2010, the PCRA court denied Bradley's PCRA petition.  Bradley filed a timely appeal to this Court.  On June 22, 2011, we affirmed the order denying post-conviction relief and, on January 18, 2012, our Supreme Court denied Bradley's petition for allowance of appeal.

---

[1] A jury convicted Brown of first-degree murder and related charges and the trial court sentenced him to an aggregate term of life in prison.  We affirmed his judgment of sentence on appeal.  Brown subsequently filed a PCRA petition that was denied and he filed an appeal to this Court.  Brown later withdrew this appeal so that he could litigate a second PCRA, which raised the same "newly-discovered" evidence that is the subject of the instant appeal.  **See Commonwealth v. Brown**, 945 A.2d 757 (Pa. Super. 2007) (unpublished memorandum).

*Commonwealth v. Bradley*, 31 A.3d 752 (Pa. Super. 2011), *appeal denied*, 37 A.3d 1193 (Pa. 2012).

Bradley filed a second *pro se* petition on April 7, 2016, which the PCRA court denied on July 1, 2016. Bradley did not file an appeal.

On December 4, 2017, Bradley filed the petition at issue, his third. On February 23, 2018, the PCRA Court filed Rule 907 notice of its intention to dismiss petition as untimely filed. Bradley filed a response. By order entered on May 25, 2018, the PCRA court denied Bradley's PCRA petition. This timely appeal followed.[2] The PCRA court did not require Pa.R.A.P. 1925(b) compliance, but by order entered May 8, 2019, the PCRA court referred to its Rule 907 notice as providing this Court with the reasons for denying Bradley's petition.

Bradley raises the following issues on appeal:

> I.    Did the [PCRA] court err when denying [Bradley's] requested relief under the PCRA on the basis that his petition was untimely, where [Bradley]

---

[2] Bradley's *pro se* notice of appeal inappropriately lists two docket numbers. ***See generally***, ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). The Commonwealth urges us to quash this appeal on this basis. ***See*** Commonwealth's Brief at 15-1. We decline to do so. A review of the record reveals that in its May 25, 2018 order, the PCRA court informed Bradley that he had thirty days to file ***a*** "Notice of Appeal." Recently, this Court concluded that to instruct a *pro se* litigant in this manner constituted a breakdown in court operations such that, rather than quash pursuant to ***Walker***, we could address the merits of the appeal. ***See Commonwealth v. Stansbury***, 2019 WL 4197218, ____ A.3d ____ (Pa. Super. 2019). Since there may have been confusion caused by the court's instruction in this case, we will do the same.

demonstrate[d] his petition is properly pled and properly cognizable under 42 Pa.C.S.A. § 9545(b)(ii)?

II. Did the [PCRA] court err when denying [Bradley's] requested relief under the PCRA on the basis that the after-discovered witness testified at a hearing held in response to [his] co-defendant's petition for [post-conviction] relief?

III. Did the [PCRA] court err in denying [Bradley's] request for an evidentiary hearing relative to the issues raised in [Bradley's] PCRA petition?

Bradley's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

Before addressing the merits of Bradley's issues, we must first determine whether the PCRA court correctly concluded that Bradley's third PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. The three narrow statutory

- 4 -

exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." ***See Hernandez***, 79 A.3d 651-52 (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2).[3] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Bradley's judgment of sentence became final on November 20, 2008, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Bradley had until November 20, 2009, to file a timely petition. Because Bradley filed his third petition in 2017, it is patently untimely unless

_____

[3] Our legislature recently amended this section of the PCRA to provide petitioners one year to file a petition invoking a time-bar exception. ***See*** 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment does not apply to Bradley's petition since he filed it on December 4, 2017.

he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  *See Hernandez*, *supra*.

In his first issue, Bradley asserts that he had established a time-bar exception.  In his petition, Bradley stated that, on November 8, 2017, he was working in the prison law library when he was approached by his co-defendant, Oscar Brown.  According to Bradley, Brown informed him that Brown's mother "had hired a private investigator a few years back and that the investigator had unearthed that a key Commonwealth witness in their case had admitted to being threatened by the District Attorney and offered a deal for his cooperation at [Bradley's] trial."  PCRA Petition, 12/4/17, at 2.  Bradley averred that this claim raised "newly-discovered facts" of "which he could not have been aware of regardless of his diligence and of which the Commonwealth had an obligation to make aware pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, prior to or during his trial."  *Id.*  According to Bradley, these "newly-discovered facts" entitled him to post-conviction relief in the form of a new trial.

With this claim, Bradley attempts to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence.  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.  This rule is strictly enforced.  Additionally, the focus of this

exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, the PCRA court did not hold an evidentiary hearing and did not first conduct a timeliness analysis regarding Bradley's newly-discovered evidence claim. Rather, the PCRA court directly addressed Bradley's averment as an after-discovered evidence claim and found it to be meritless. *See Brown*, *supra*. We need not remand for this initial determination at this time because there is no record evidence that Bradley knew of the witness's alleged statement that he was threatened. In addition, Bradley filed his third PCRA petition within sixty days of learning of this information. Thus, we review the PCRA court's determination that Bradley cannot establish his claim of after-discovered evidence.

To address this issue, we first note the test applied to after-discovered evidence. When discussing the test in the context of a PCRA appeal, our Supreme Court recently summarized:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

***Commonwealth v. Small***, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Here, the PCRA court first noted that Bradley has "not attached an Affidavit to his Petition from this alleged after-discovered witness[.]" Rule 907 Notice, 2/23/18, at 1. The court then explained why Bradley's after-discovered evidence claim failed:

> The alleged after-discovered witness, William Perry Bagley, Jr., testified in the hearing held in response to a [PCRA petition] filed by [Bradley's] co-defendant, Oscar Brown, on June 21, 2012. His testimony at that hearing was contrary to what is represented in this Petition and in the Affidavit from the private detective attached to this Petition, in that at that hearing, Bagley denied that he was promised any particular sentence for testifying in the trial of [Bradley] and his co-defendant.

***Id.***

Our review of the record supports the PCRA court's conclusion that Bradley's after-discovered evidence claim failed to meet the **Small** criteria, and, therefore, did not warrant the award of a new trial. In addition, we note that Bradley's claim also fails because his proffered after-discovered evidence was not "producible and admissible." **Small**, **supra**. Initially, we note that Bradley's averment of what Brown allegedly **told him**—as well as what the private investigator allegedly was told by Mr. Bagley—is clearly inadmissible hearsay. **See Commonwealth v. Yarris**, 731 A.2d 581, 592 (Pa. 1999) (explaining and after-discovered evidence claim "which rests exclusively upon inadmissible hearsay is not of a type" that would warrant a new trial). As noted by the PCRA court, Bradley's failure to attach an affidavit from Mr. Bagley establishes that the alleged after-discovered facts are not "producible." **Small**, **supra**. Thus, because Bradley failed to establish an exception to the PCRA's time bar, his first issue fails.

In second issue, Bradley asserts that the PCRA court "erred when denying [his] requested relief under the PCRA on the basis that the After-Discovered witness testified at a hearing held in response to [Bradley's] co-defendant." Bradley's Brief at 11. To support this claim, Bradley questions whether Mr. Bagley could have lied at Brown's PCRA hearing "to protect himself from a charge of perjury or any of the threats made to him by the Commonwealth[.] **Id.** He further he asserts that Mr. Bagley's testimony was self-serving, and that there was no "logical reason at why Bagley would lie to this detective." **Id.** at 12. This claim entitles Bradley to no relief.

- 9 -

Here, the PCRA court correctly found that Mr. Bagley's prior sworn testimony refutes Bradley's after-discovered evidence claim. Although Bradley offers various theories regarding Mr. Bagley's testimony, he proffers no evidence, by affidavit or otherwise to warrant a remand. *See* ***Commonwealth v. Clark***, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence). Thus, Bradley's second issue fails.[4]

In his third and final claim, Bradley asserts that the PCRA court erred in dismissing his third PCRA petition without a hearing. We cannot agree.

> When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. ***Id.*** To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or

---

[4] As part of his argument in support of this claim, Bradley discusses the Commonwealth's discovery obligations and alleged violations of ***Brady***, *supra*. *See* Bradley's Brief at 12-15. We need not address these arguments; however, given the PCRA court's previously crediting Mr. Bagley's PCRA hearing testimony that the Commonwealth made no promises in return for his trial testimony.

- 10 -

that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014). Given our foregoing discussion, and rejection of Bradley's first and second issues, we summarily conclude that the PCRA court did not err in dismissing Bradley's third PCRA petition without first holding a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2020